UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60806-CIV-SINGHAL

ROSARIO HUARCA,

      Plaintiff,

v.

HERMANOS GUEVARA INC., and
YES HOTEL SERVICES INC.,

      Defendants.
_____/

## ORDER DENYING APPROVAL OF FLSA SETTLEMENT

**THIS CAUSE** is before the Court on the parties' Joint Motion for In Camera Review and Approval of the Parties' Settlement Agreement (the "Motion") (DE [40]).  The Court has carefully reviewed the Motion, the Confidential Settlement Agreement and FLSA Release ("the Agreement") (DE [42-1]), and the record in this case.

Plaintiff filed this case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  The parties have settled the case and seek this Court's approval of the Agreement.  The Court must determine that the settlement constitutes "a fair and reasonable resolution of a bona fide dispute."  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  "In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel."  *Nagy v. Aventura Worldwide Transportation Serv., Inc.*, 631 F. Supp. 3d 1226, 1229 (S.D. Fla.

2022).   Furthermore, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

Here, the Agreement contains an improper general release, which covers all claims "arising out of, or in any way related to Plaintiffs hire, benefits, employment, termination, or separation from employment with Defendants by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence, or other matter from the beginning of time up to and including the Effective Date of this Agreement."  (Agreement (DE [42-1]), § 5)a.).  The Agreement releases "any and all claims" under the Americans with Disabilities Act, Title VII of the Civil Rights Act, the Pregnancy Discrimination Act, the Family Medical Leave Act, the Equal Pay Act, and the Employee Retirement Income Security Act, among other statutes.  "[A]n employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA."  *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010).  "Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."  *Id.* at 1352.  This type of general release makes it impossible for the Court to adequately assess the fairness of the proposed compromise, as it is required to do under the FLSA.  *Id.*  Therefore, the Agreement is rejected, and the parties must negotiate an amended settlement agreement that the Court is capable of assessing for its fairness.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion (DE [42]) is **DENIED**.  The parties are **DIRECTED** to negotiate a revised settlement agreement that takes into account the

issues identified in this Order.  The parties **SHALL** submit a revised settlement agreement and joint motion to approve settlement, including Plaintiff's counsel's billing statement, on or by **January 29, 2026**.

   **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 9th day of January 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF